Filed 2/26/13  Cal. School Bds. Assn. v. State of California CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CALIFORNIA SCHOOL BOARDS ASSOCIATION et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> STATE OF CALIFORNIA et al., <br><br> Defendants and Respondents. | A136193 <br><br> (City & County of San Francisco Super. Ct. No. CGC-11-514689) |

In September 2011, plaintiffs[1] filed a petition for writ of mandate and complaint for declaratory and injunctive relief alleging that the calculation used by the Legislature to appropriate funds for K-14 education in the 2011-2012 Budget Act violates article XVI, section 8 of the California Constitution, the school funding measure added to the Constitution by Proposition 98 in November 1988 (Proposition 98).[2] Proposition 98 includes what is referred to as a "minimum funding guarantee" that requires the Legislature to appropriate for K-14 education "[t]he amount which, as a percentage of General Fund revenues . . . equals the percentage of General Fund revenues appropriated for school districts and community college districts, respectively, in fiscal year 1986-

---

[1] Plaintiffs include the California School Boards Association, Association of California School Administrators, Los Angeles Unified School District, San Francisco Unified School District, and Turlock Unified School District.

[2] Proposition 98, entitled "The Classroom Instructional Improvement and Accountability Act," amended article XVI, section 8, of the Constitution. The section was further amended by Proposition 111 in 1990.

1

1987." Plaintiffs allege that the 2011-2012 Budget Act violates the "minimum funding guarantee" by excluding from general fund revenues, and diverting to a newly created special fund to support the realignment of public safety programs, 1.0625 percent of sales and use tax revenues.

As part of the budget process, the Legislature enacted sections 41210 and 41211 of the Education Code, providing that the diverted funds "are not 'general fund revenues' as that term is used in section 8 of Article XVI of the California Constitution."[3] The petition alleges that "the specific purpose and effect of sections 41210 and 41211 is to artificially reduce funding for K-14 education for 2011-12 below the constitutionally required minimum" without complying with the requirements of Proposition 98 and that "[t]he Legislature's actions represent a direct attempt to evade the minimum funding requirements of Proposition 98." Plaintiffs sought a writ of mandate compelling defendants[4] "to recalculate the minimum funding guarantee required in 2011-12 in accordance with article XVI, section 8 without regard to the provisions of Education Code section 41210 and 41211 and directing [defendants] . . . to take such steps as are necessary to implement such recalculation in a way that ensures that K-14 schools and school districts receive no less than the constitutionally required minimum level of funding or in accordance with a plan to be approved by the court that holds education funding harmless for the changes enacted in the 2011-2012 Budget Act and related legislation."[5]

The trial court denied the petition, finding that "Nothing in the language of Proposition 98 or its ballot materials precludes the Legislature from assigning revenue to

---

[3] The diversion of these funds was not absolute. Section 41210 conditioned the special fund designation on the passage of a ballot measure that would replace the diverted funds and section 41211 provided a five-year repayment plan if the ballot measure did not pass.

[4] Defendants include the State of California, Ana J. Matosantos as the Director of Finance, Tom Torlakson as the Superintendent of Public Instruction, and John Chiang as the State Controller.

[5] Plaintiffs also sought a declaration "of whether Education Code sections 41210 and 41211 . . . violate article XVI, section 8."

a special fund that previously had been deposited in the general fund." Plaintiffs appealed.

While this appeal was pending, on November 6, 2012, voters approved Proposition 30, which among other things amended the state Constitution to explicitly exclude the 1.0625 percent sales and use tax revenue from the Proposition 98 calculation. (Cal. Const., art. XIII, § 36, subd. (b)(1)(A).) The exclusion was made retroactive to July 1, 2011, the start of the 2011-2012 fiscal year. (*Id*., § 36, subd. (b)(2).)

In January 2013, we granted the parties' joint application to hold briefing in abeyance in order to consider defendants' motion to dismiss on the ground that the passage of Proposition 30 has rendered the appeal moot. Having received and considered briefs supporting and opposing the motion to dismiss, we conclude that the appeal is moot and that the appeal should be dismissed.

Following the passage of Proposition 30, there unquestionably is no effective relief that can be granted. The Constitution has been amended to explicitly authorize the exclusion of the challenged tax revenue from the Proposition 98 formula. Even if the court should conclude that the diversion of these funds from general fund revenues previously was inconsistent with constitutional requirements, Proposition 30 precludes any possible order to recalculate the formula to include those funds. Plaintiffs contend that the court should nonetheless decide the merits of the case because "[h]istory demonstrates that the legal issues related to potential manipulations of the funding guarantee are likely to recur" and "the state's obligations under Proposition 98 are a critical component of the state's constitutional budget responsibilities." However, contrary to plaintiffs' argument, a decision on "whether Proposition 98 permits the State to change the composition of the general fund without making the adjustments necessary to preserve the integrity of the Proposition 98 calculations" cannot sensibly or prudently be made without reference to specific legislative action. While the calculation of school funding under Proposition 98 is of significant public importance and future challenges may be likely, nothing suggests that timely review will not be available in such a case. Accordingly, we shall dismiss the appeal.

3

**Disposition**

The appeal is dismissed.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.